UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
HECTOR AVALOS and MAYI SANTOS, Individually :
and on Behalf of All Others Similarly Situated, :
                                                          : Index No. 10 Civ. 7894 (RPP)
                Plaintiffs, :
                                                           : **ECF CASE**
  - against - :
                                                           : **ANSWER**
STAR STAFFING, WALKER RESOURCES, INC., :
HYATT CORPORATION, GEORGE RIZZO, STEPHEN :
BLUE, GEORGE BERGMAN, KEN HALL, MIKE :
WALKER, RON ROSS and MILTON J. WEIL, Jointly :
and Severally, :
                  Defendants.
------------------------------------------------------------------ x

Defendants Starr Staffing, Walker Resources, Inc., George Rizzo, Stephen Blue, George Bergman, Ken Hall, Mike Walker, Ron Ross and Milton Weil (collectively "Defendants"), by their attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, and pursuant to Federal Rule of Civil Procedure 8(b) and (c), as and for their answer to the complaint in the above-captioned matter (the "Complaint"), respectfully allege as follows:

### NATURE OF THE ACTION

1. For its response to the allegations contained in paragraphs 1, 2 and 3 of the Complaint, Defendants respectfully refer the Court to the statutory provisions referenced therein for their terms, content and meaning. In addition, Defendants specifically deny that they violated the Fair Labor Standards Act, 29 U.S.C., § 201 *et seq.* ("FLSA"), New York State law or New Jersey State law.

## JURISDICTION AND VENUE

2.   For its response to the allegations contained in paragraph 4 of the Complaint, Defendants respectfully refer the Court to the statutory provisions referenced therein for their terms, content and meaning.

3.   For its response to the allegations contained in paragraph 5 of the Complaint, Defendants respectfully refer the Court to the statutory provisions referenced therein for their terms, content and meaning.

4.   For its response to the allegations contained in paragraph 6 of the Complaint, Defendants respectfully refer the Court to the statutory provisions referenced therein for their terms, content and meaning.

## THE PARTIES

5.   Deny knowledge sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

6.   Deny knowledge sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

7.   Admit the allegations contained in paragraph 8 of the Complaint, except deny that Star Staffing is a New York domestic limited liability corporation.

8.   Deny knowledge sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

9.   Deny the allegations contained in paragraph 10 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

10. For its response to the allegations contained in paragraphs 11 through 16 of the Complaint, Defendants respectfully refer the Court to the statutory provisions referenced therein for their terms, content and meaning and otherwise deny the allegations contained in paragraphs 11 through 16 of the Complaint.

## CLASS ALLEGATIONS

11. For its response to the allegations contained in paragraphs 17 through 25 of the Complaint, Defendants respectfully refer the Court to the statutory provisions referenced therein for their terms, content and meaning and otherwise deny the allegations contained in paragraphs 17 through 25 of the Complaint.

12. For its response to the allegations contained in paragraphs 26 through 34 of the Complaint, Defendants respectfully refer the Court to the statutory provisions referenced therein for their terms, content and meaning and otherwise deny the allegations contained in paragraphs 26 through 34 of the Complaint.[1]

## STATEMENT OF FACTS

13. Admit the allegations contained in the first sentence of paragraph 26 of the Complaint. Deny the allegations contained in the second sentence of paragraph 26 of the Complaint, except admit that defendant Walker Resources, Inc. operates a personnel staffing business located at 211 East 43rd Street, New York, New York.

14. Deny the allegations contained in paragraph 27 of the Complaint, except admit that defendant Walker Resources, Inc. employs at least forty (40) employees at any one time.

---

[1] The Complaint incorrectly reverts back to paragraph number 26 after paragraph 34. Therefore, the response set forth herein does the same.

3

15. Deny knowledge sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint.

16. Admit the allegations contained in the first sentence of paragraph 29 of the Complaint. Deny the allegations contained in the second sentence of paragraph 29 of the Complaint.

17. Admit the allegations contained in paragraph 30 of the Complaint, except deny that Plaintiff Avalos did not receive overtime premium pay for hours worked in excess of forty (40) hours per week.

18. Admit the allegations contained in paragraph 31 of the Complaint, except deny that Plaintiff Santos was paid $17.00 per hour at all times during her employment and that Plaintiff Santos did not receive overtime premium pay for hours worked in excess of forty (40) hours per week.

19. Deny the allegations contained in paragraph 32 of the Complaint, except admit that Plaintiffs did, from time to time, work in excess of forty hours per week.

20. Deny the allegations contained in paragraphs 33 and 34 of the Complaint.

21. Deny the allegations contained in paragraph 35 of the Complaint.

22. Admit the allegations contained in paragraph 36 of the Complaint.

23. Deny the allegations contained in paragraph 37 of the Complaint.

24. Deny the allegations contained in paragraph 38 of the Complaint.

25. Deny the allegations contained in paragraph 39 of the Complaint.

26. Deny the allegations contained in paragraph 40 of the Complaint, except admit that Defendants can identify all employees to Plaintiffs in discovery.

27. Deny the allegations contained in paragraph 41 of the Complaint.

[933971-2]

28. Deny the allegations contained in paragraph 42 of the Complaint.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

29. In response to Paragraph 43 of the Complaint, repeat and reallege each and every response to Paragraphs 1 through 42 of the Complaint with the same force and effect as if set forth at length herein.

30. Deny the allegations contained in paragraph 44 of the Complaint.

31. Deny the allegations contained in paragraph 45 of the Complaint.

32. Admit the allegations contained in paragraph 46 of the Complaint.

33. Admit the allegations contained in paragraph 47 of the Complaint.

34. Deny the allegations contained in paragraph 48 of the Complaint.

35. Deny the allegations contained in paragraph 49 of the Complaint.

36. Deny the allegations contained in paragraph 50 of the Complaint.

37. Deny the allegations contained in paragraph 51 of the Complaint.

38. Deny the allegations contained in paragraph 52 of the Complaint.

39. Deny the allegations contained in the next paragraph (incorrectly numbered in the Complaint as paragraph 4) of the Complaint.

### SECOND CLAIM FOR RELIEF
### NEW YORK LABOR LAW

40. In response to Paragraph 53 of the Complaint, repeat and reallege each and every response to Paragraphs 1 through 52 of the Complaint with the same force and effect as if set forth at length herein.

41. Deny the allegations contained in paragraph 54 of the Complaint.

42. Deny the allegations contained in paragraph 55 of the Complaint.

43. Deny the allegations contained in paragraph 56 of the Complaint.

44. Deny the allegations contained in paragraph 57 of the Complaint.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW – FAILURE TO PAY WAGES

45. In response to Paragraph 58 of the Complaint, repeat and reallege each and every response to Paragraphs 1 through 57 of the Complaint with the same force and effect as if set forth at length herein.

46. Deny the allegations contained in paragraph 59 of the Complaint.

47. Deny the allegations contained in paragraph 60 of the Complaint.

48. Deny the allegations contained in paragraph 61 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW – UNLAWFUL GRATUITY DEDUCTIONS

49. In response to Paragraph 61 (incorrectly numbered as paragraph 59) of the Complaint, repeat and reallege each and every response to Paragraphs 1 through 60 of the Complaint with the same force and effect as if set forth at length herein.

50. Deny the allegations contained in paragraph 60 of the Complaint.

51. Deny the allegations contained in paragraph 61 of the Complaint.

52. Deny the allegations contained in paragraph 62 of the Complaint.

### FIFTH CLAIM FOR RELIEF
### NEW JERSEY LABOR LAW – FAILURE TO PAY WAGES

53. In response to Paragraph 63 of the Complaint, repeat and reallege each and every response to Paragraphs 1 through 62 of the Complaint with the same force and effect as if set forth at length herein.

54. Deny the allegations contained in paragraph 64 of the Complaint.

55. Deny the allegations contained in paragraph 65 of the Complaint.

56. Deny the allegations contained in paragraph 66 of the Complaint.

57. Deny the allegations contained in paragraph 67 of the Complaint.

### SIXTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW – DISCRIMINATION AND RETALIATION

58. In response to Paragraph 68 of the Complaint, repeat and reallege each and every response to Paragraphs 1 through 67 of the Complaint with the same force and effect as if set forth at length herein.

59. Deny the allegations contained in paragraph 69 of the Complaint.

60. For its response to the allegations contained in paragraph 70 of the Complaint, Defendants respectfully refer the Court to the statutory provisions referenced therein for their terms, content and meaning.

61. Deny the allegations contained in paragraph 71 of the Complaint.

### SEVENTH CLAIM FOR RELIEF
### NEW JERSEY WAGE & HOUR LAW – DISCRIMINATION AND RETALIATION

62. In response to Paragraph 72 of the Complaint, repeat and reallege each and every response to Paragraphs 1 through 71 of the Complaint with the same force and effect as if set forth at length herein.

63. Deny the allegations contained in paragraph 73 of the Complaint.

### EIGHTH CLAIM FOR RELIEF
### FLSA – DISCRIMINATION AND RETALIATION

64. In response to Paragraph 74 of the Complaint, repeat and reallege each and every response to Paragraphs 1 through 73 of the Complaint with the same force and effect as if set forth at length herein.

[933971-2]

65. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75 of the Complaint.

66. Deny the allegations contained in paragraph 76 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67. The Complaint fails to state a cause of action upon which relief may be granted as to Defendants Ken Hall, George Bergman and Stephen Blue.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68. The Complaint is barred in part by the relevant statutes of limitation.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69. Defendants contend, on information and belief, which Plaintiffs and any other employees deemed similarly situated failed to make reasonable efforts to mitigate their alleged damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70. If and to the extent that there were any violations of the Fair Labor Standards Act of 1938, as amended, New York State Labor Law, and/or New Jersey State Labor law, it was not willful.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

71. Defendants are not liable for any failure to pay gratuities in conformity with applicable law, as Defendants are co-employers and are not the responsible employer for such purposes.

WHEREFORE, Defendants demand judgment as follows:

(a) Dismissing the Complaint against Defendants; and

(b) For such other and further relief as this Court may deem just and proper including Defendants' costs and attorneys' fees.

Dated: New York, New York
January 19, 2011

                                            TANNENBAUM HELPERN SYRACUSE
                                            & HIRSCHTRITT LLP

By: _____
                                            Andrew W. Singer, Esq.
                                            Joel A. Klarreich, Esq.
                                            Attorneys for Defendants
                                            900 Third Avenue
                                            New York, New York 10022
                                            (212) 508-6700

[933971-2]