UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HECTOR AVALOS and MAYI SANTOS,                :
                                              :
                 Plaintiffs,                  :
                                              :    10 CV 7894 (RPP) (JLC)
           v.                                 :
                                              :    ECF CASE
STAR STAFFING, WALKER RESOURCES,              :
INC., HYATT CORPORATION, GEORGE               :    **ANSWER AND DEFENSES OF**
RIZZO, STEPHEN BLUE, GEORGE BERGMAN,          :    **HYATT CORPORATION**
KEN HALL, MIKE WALKER, RON ROSS AND           :
MILTON J. WEIL,                               :
                                              :
                 Defendants.                  :
-----------------------------------------------------------------x

      Defendant Hyatt Corporation ("Hyatt") hereby answers and asserts additional defenses in response to the allegations in Plaintiffs' Class & Collective Action Complaint ("Complaint"). Hyatt submits this Answer and Defenses solely on its own behalf and not on behalf of any other Defendant, even where allegations refer to "Defendants" in the plural. Any response by Hyatt to any allegation in the Complaint shall not be deemed an answer by or on behalf of any other Defendant, nor shall any answer by any other Defendant be deemed an answer by or on behalf of Hyatt.

      1.      Paragraph 1 contains a summary of the Complaint, as to which no response is required, but to the extent a response is deemed required, it is denied. Hyatt denies that Plaintiffs are entitled to any relief from Hyatt whatsoever.

      2.      Paragraph 2 contains a summary of the Complaint, as to which no response is required, but to the extent a response is deemed required, it is denied. Hyatt denies that Plaintiffs are entitled to any relief from Hyatt whatsoever.

13056709v.2

3. Paragraph 3 contains a summary of the Complaint, as to which no response is required, but to the extent a response is deemed required, it is denied. Hyatt denies that Plaintiffs are entitled to any relief from Hyatt whatsoever.

4. Admitted

5. Denied.

6. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 6.

7. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 7.

8. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 8.

9. Admitted.

10. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 10.

11. Paragraph 11 contains a summary of the collective action allegations of the Complaint, as to which no response is required, but to the extent a response is deemed required, it is denied. Hyatt denies that a collective action is appropriate and denies that Plaintiffs are entitled to any relief from Hyatt whatsoever.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 16.

17. Paragraph 17 contains a summary of certain of the class action allegations of the Complaint, as to which no response is required, but to the extent a response is deemed required, it is denied. Hyatt denies that a class action is appropriate and denies that Plaintiffs are entitled to any relief from Hyatt whatsoever.

18. Paragraph 18 contains a summary of Plaintiff's claims under the New York Labor Law, as to which no response is required, but to the extent a response is deemed required, it is denied. Hyatt denies that a Plaintiffs are entitled to any relief from Hyatt under the New York Labor Law or otherwise.

19. Denied.

20. Denied.

21. Denied.

22. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Paragraph 26 contains a summary of certain of the class action allegations of the Complaint, as to which no response is required, but to the extent a response is deemed required, it is denied. Hyatt denies that a class action is appropriate and denies that Plaintiffs are entitled to any relief from Hyatt whatsoever.

27. Paragraph 27 contains a summary of Plaintiff's claims under the New Jersey Wage and Hour Law, as to which no response is required, but to the extent a response is deemed required, it is denied. Hyatt denies that a Plaintiffs are entitled to any relief from Hyatt under the New Jersey Wage and Hour Law or otherwise.

28. Denied.

29. Denied.

30. Denied.

31. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 31.

32. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 32.

33. Denied.

34. Denied.

26. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 26.[1]

27. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 27.

28. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 28, except to aver that the Hyatt Regency Jersey City is located at 2 Exchange Place, Jersey City, New Jersey.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 36.

---

[1] The numbered paragraphs of the Complaint revert to number 26 beginning at page 12 thereof.

13056709v.2

37. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 37.

38. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 38.

39. Denied.

40. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 40.

41. Denied.

42. Denied.

43. Hyatt repeats and reiterates its responses to the allegations set forth in the preceding paragraphs of the Complaint.

44. Admitted.

45. Denied.

46. Admitted.

47. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 47.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

4. Denied.[2]

53. Hyatt repeats and reiterates its responses to the allegations set forth in the preceding paragraphs of the Complaint.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Hyatt repeats and reiterates its responses to the allegations set forth in the preceding paragraphs of the Complaint.

59. Denied.

60. Denied.

61. Denied.

---

[2] The second full paragraph at page 16 of the Complaint is erroneously numbered 4.

13056709v.2

59. Hyatt repeats and reiterates its responses to the allegations set forth in the preceding paragraphs of the Complaint.[3]

60. Denied.

61. Denied.

62. Denied.

63. Hyatt repeats and reiterates its responses to the allegations set forth in the preceding paragraphs of the Complaint.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Hyatt repeats and reiterates its responses to the allegations set forth in the preceding paragraphs of the Complaint.

69. Denied.

70. Hyatt refers the Court to the cited statute for a true and accurate statement of its contents.

71. Denied.

---

[3] The numbered paragraphs of the Complaint revert to number 59 beginning at the bottom of page 17 thereof.

72. Hyatt repeats and reiterates its responses to the allegations set forth in the preceding paragraphs of the Complaint.

73. Denied.

74. Hyatt repeats and reiterates its responses to the allegations set forth in the preceding paragraphs of the Complaint.

75. Hyatt lacks information and knowledge sufficient to admit or deny the allegations in paragraph 75.

76. Denied.

Hyatt denies that Plaintiffs are entitled to any of the relief sought in the PRAYER FOR RELIEF clause at pages 22-23 of the Complaint, or otherwise. Hyatt denies that Plaintiffs are entitled to a trial by jury to the extent that the laws under which they seek to pursue their claims do not permit such trial by jury. Unless expressly admitted or otherwise responded to herein, Hyatt denies each and every allegation in the Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

Hyatt asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise bear.

1. The Complaint fails to state a claim upon which relief can be granted.

2. Hyatt was not at any time the employer of any of the Plaintiffs or any of the individuals in the alleged class or collective.

3. Hyatt was not a joint employer with any other Defendant of any of the Plaintiffs or any of the individuals in the alleged class or collective.

4. To the extent that Hyatt is deemed liable to any of the Plaintiffs or any individuals in the alleged class or collective, it is entitled to indemnification and/or contribution from some or all of the other named Defendants herein.

5. Venue is not proper in the Southern District of New York.

6. Plaintiffs do not have a right to overtime under New York law, and the regulations and/or administrative interpretations that form the basis of some or all of Plaintiffs' claims are invalid, arbitrary and capricious.

7. Any alleged violations by Hyatt were not willful.

8. Hyatt at all times, and in all manners, acted in accordance with any and all duties and obligations under the Fair Labor Standards Act, the New York Labor Law, the New Jersey Wage and Hour Law, and the regulations under each of those statutes.

9. Hyatt's actions with respect to Plaintiffs were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the law.

10. This action cannot be prosecuted as a collective action under the Fair Labor Standards Act.

11. This action cannot be prosecuted as a class action under the New York Labor Law and/or the New Jersey Wage and Hour Law.

13056709v.2

12. Prosecution of Plaintiffs' state law claims on a class basis in the same action as prosecution of their federal claims on a collective basis would contravene the Rules Enabling Act, 28 U.S.C. § 2072(b), or would be otherwise inappropriate.

13. Even if Plaintiffs, or any purportedly similarly situated individuals, were not paid for all activities performed, such activities do not constitute compensable work under the FLSA and/or New York or New Jersey law.

14. Hyatt states, in the alternative if necessary, that if, in fact, it has failed to pay any non-exempt employee for work in excess of 40 hours in a workweek or otherwise, the uncompensated time is *de minimis* and therefore not recoverable.

15. Hyatt is entitled to a set-off with respect to any monies paid to Plaintiffs, or to any purportedly similarly situated individual, for any hours when they were not performing work for Hyatt.

16. Hyatt states, in the alternative if necessary, that even if Plaintiffs prevail, their claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

Hyatt reserves the right to raise additional affirmative and other defenses as may be appropriate based on information learned during the course of discovery.

WHEREFORE, having answered the allegations in Plaintiffs' Complaint in its entirety, Hyatt respectfully requests that the Complaint be dismissed in its entirety with prejudice as to Hyatt and that judgment be entered in favor of Hyatt. Hyatt further respectfully requests that the Court assess against Plaintiffs the costs and reasonable attorney fees incurred by Hyatt in this action and provide Hyatt with such other remedies as are appropriate under the circumstances.

Dated: New York, NY
January 19, 2011

Respectfully submitted,

SEYFARTH SHAW LLP

By:   /s/ Robert S. Whitman
         Robert S. Whitman

620 Eighth Avenue
New York, New York 10018
ph:  (212) 218-5629
fax:  (917) 344-1258
rwhitman@seyfarth.com

Attorneys for Defendant Hyatt Corporation