```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HECTOR AVALOS, et al.                          :
                                               :   ORDER SCHEDULING
                    Plaintiffs,                :   SETTLEMENT CONFERENCE
                                               :
        -v-                                    :   10 Civ. 7894 (RPP) (JLC)
                                               :
                                               :   (ECF Case)
STAR STAFFING, et al.                          :
                                               :
                    Defendants.                :
------------------------------------------------------------X
```

**USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 1/21/11**

**JAMES L. COTT, United States Magistrate Judge.**

This case has been referred to me for settlement by Order dated January 20, 2011. The parties shall appear for a settlement conference on February 25, 2011 at 2:00 p.m. in Courtroom 18A, United States Courthouse, 500 Pearl Street, New York, New York. The Court's "Standing Order for All Cases Referred for Settlement to Magistrate Judge James L. Cott" is enclosed and is incorporated herein by reference. Please read the Standing Order carefully. The parties are directed to pay particular attention to paragraph 4, which sets forth who must appear at the conference on behalf of a corporate party. The parties should also note that paragraph 3 of the Standing Order requires ex parte written submissions, which must be received by the Court no later than 12:00 noon five (5) business days before the conference.

**SO ORDERED.**

Dated: New York, New York
       January 21, 2011

_____
JAMES L. COTT
United States Magistrate Judge

**Copies of this Order have been sent by ECF to all counsel of record and by mail to**

Hon. Robert P. Patterson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE

## Standing Order for All Cases Referred for Settlement to Magistrate Judge James L. Cott

1. Confidential Nature of Conference. All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential and may not be used for any purpose.

2. Magistrate Judge's Role. The magistrate judge functions as a mediator, attempting to help the parties reach a settlement. Efficient use of this process requires that counsel and their clients be (a) prepared for the conference, and (b) candid with the mediator.

3. Ex Parte Settlement Letter. No later than 12:00 noon five (5) business days before the conference, counsel for each party must send me a letter, marked "Confidential Material for Use at Settlement Conference," which should not be served on the other parties. This ex parte letter must not exceed ten (10) pages, unless permission to do so has been sought and granted by the court. The letter should include (a) the history of settlement negotiations; (b) your evaluation of the settlement value of the case and the rationale for it; (c) any case law authority in support of your settlement position; and (d) any other facts that would be helpful to the mediator in preparation for the conference. The reason the letter is to be submitted ex parte is to ensure that counsel are candid with the court as to the strengths and weaknesses of their case, and to provide a realistic assessment of the litigation risks each party faces were the case to be resolved on the merits. To assure receipt before the deadline, it is recommended that the settlement letter be sent to Chambers by fax – to (212) 805-7990. If the letter is sent by fax, please do not follow with a hard copy.

4. Attendance of Parties Required. The parties – not just the attorneys – must attend in person. This is essential to the settlement process. It is essential that parties hear the adversary's presentation and have the

1

opportunity to speak with the mediator outside the presence of any adversary. If a party resides more than 100 miles from New York City, I will sometimes excuse that party's presence but I will require that party to be available by telephone throughout the settlement conference. Corporate parties or labor unions must send the person with decision-making authority who gives directions to counsel of record. Where liability insurance is involved, a decision-making representative of each carrier must attend in addition to the insured. This includes each excess carrier unless specifically excused by the court at least one week before the conference. Because it is important that the decision-makers with respect to settlement hear their adversaries' presentations and be available to answer questions from the Court, the person who attends must be the person with responsibility for determining the amount of any ultimate settlement and who has not had limitations placed by another person with respect to his or her authority to settle. That is, corporate parties, labor unions, and insurance companies (or any other party that is not a natural person) must send to the conference the person ultimately responsible for giving settlement authority, not someone who has received authority from someone else.

Where any government agency is a party, counsel of record must be accompanied by a knowledgeable representative from the agency (or, if the agency official with knowledge is more than 100 miles from New York City, the official must be available to participate by telephone). In addition, in cases where the Comptroller of the City of New York has authority over settlement, the Assistant Corporation Counsel must make arrangements in advance of the conference for a representative of the Comptroller either to attend the conference or to be available by telephone to approve any proposed settlement.

5. <u>Consequences of Non-Compliance with Attendance Requirements</u>. If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from each insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

6. <u>Conference Procedures</u>. The conference will take place in Courtroom 18A at 500 Pearl Street. At the outset of the mediation, each attorney should be prepared to make a brief presentation in the presence of each other and the parties, summarizing not merely a party's positions, but the party's interests as well. While there is no formula for the most effective

presentation, counsel should consider addressing (a) the most important issues of fact and law, (b) the most recent offer or demand communicated to opposing counsel, and (c) any other matters that may help to advance settlement. The merits of the case are obviously relevant to the value of a potential settlement, but settlement conferences are not the place to make legal arguments. Discussion, if any, of legal issues should be offered solely in the context of settlement, not litigation. Counsel should gear their presentation to persuading the opposing party, not the Court. Following the presentations, the Court will allow counsel to respond to points made by opposing counsel and, if appropriate, to pose constructive questions. Clients may speak too if that is desired.

Following the initial "joint session," in most mediations the court will meet separately with each side. In these private meetings, the parties and their counsel should be prepared to discuss their position on settlement, the reasons for their position, the amount of attorneys' fees and litigation expenses incurred to date, and an estimate of the remaining cost of litigating the case to judgment, including any appeal.

7. <u>Adjournments of Settlement Conferences</u>. Telephone requests for adjournment are not entertained. A party may make an application to adjourn or advance the date of the settlement conference without providing cause as long as the application for a change in date is made at least two weeks prior to the scheduled conference date. Otherwise, counsel should set forth the reasons for seeking the change in date and must make the application as soon as counsel becomes aware of the need of or potential need for the change. In addition, the parties are required to seek a change in the date if (a) an adjournment would permit necessary discovery or exchange of information that would make the conference more fruitful, or (b) a client who would otherwise be permitted to participate by telephone would be available to attend the conference were it held on another date. To seek a change in date, the party should first contact Deputy Clerk Helen Lewis at (212) 805-0121 between 10 a.m. and 4 p.m. to determine an alternative date and time. Counsel should thereupon immediately consult with all other counsel as to their and their clients' (and insurers') availability on such date. The party must then send a letter to the Court (which may be sent by facsimile to (212) 805-7990) forthwith requesting the new date and time and indicating that it is agreed to by all the parties. The conference date is not changed unless counsel are thereafter informed that the written application has been granted.

8. <u>Settlement in Advance of Mediation</u>.  If all parties advise me in writing that the case has settled prior to the scheduled conference, I will grant one adjournment of up to two weeks to a date certain. On that date, the parties must attend the settlement conference unless they have filed a stipulation of dismissal or the equivalent with the assigned district judge.

9. <u>No Effect on other Deadlines</u>.  The scheduling of a settlement conference has no effect on any deadlines or other pending obligations in the case.

10. <u>Acknowledgement Form</u>.  Counsel shall complete the Acknowledgement Form that appears following this Standing Order. This Form may be sent to the Court via facsimile at (212) 805-7990. If sent by fax, please do not also send a hard copy.

_____
JAMES L. COTT
United States Magistrate Judge

Dated: New York, New York
     Updated
     April 5, 2010

ACKNOWLEDGMENT FORM

Complete this form (please print or type) or its equivalent, sign and date it, and send it (for receipt no later than 12:00 noon five business days prior to the conference) (1) to all other attorneys who will be attending the conference and (2) to Judge Cott (if sent by fax, the fax number is (212) 805-7990). <u>Please read the certifications below carefully as your signature indicates your compliance with them</u>.

**Name of Case:**
**Docket Number:**   __ Civ. __ (___) (JLC)

I acknowledge that my client and I must attend a settlement conference on _____ __, 20__ at __:__ _.m. in Courtroom 18-A, United States Courthouse, 500 Pearl Street, New York, New York.

1.   I am attorney for _____
[state name of party/also state whether party is plaintiff or defendant].

    (For corporate or other non-individual clients): The name of the representative of my client who will attend the conference is:_____. The title of this representative is:_____.

    If applicable (for insurance carrier): The name of the representative of the insurance carrier who will attend the conference is:_____

2.   CHECK ONE LINE BELOW:

    a.   ____ The above-named individual will attend in person.

    b.   ____ The above-named individual will attend by telephone because I certify that (1) such individual lives and works more than 100 miles from New York City (or, if my client is not an individual, the client's decision-maker lives and works more than 100 miles from New York City), and (2) it would be a great hardship for this individual to attend a settlement conference on this or any other date. This individual understands that he or she must participate by telephone without interruption for the duration of the conference.

3.   I certify that the person attending the conference (in person or by telephone) is the person with ultimate responsibility for determining the settlement amount: that is, the person responsible for <u>giving</u> settlement authority, not someone who has received authority from another person. In addition, if there is an insurance carrier with authority over settlement, a representative from such carrier with complete responsibility over settlement will be

5

present in person or by telephone.

4. I certify that I have read both the Court's Order scheduling this conference as well as the "Standing Order for All Cases Referred for Settlement to Magistrate Judge Cott."

Dated: _____

_____
[signature of attorney]

_____
[print attorney's name]